# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Berean Christian Stores, LLC | ) | Case No. 09-13640 |
| | ) | |
| Debtor. | ) | Judge Hopkins |
| | ) | |

## EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 105 AND RULE 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO CONTINUE BID PROCEDURES HEARING

The Official Committee of Unsecured Creditors (the "Committee") of Berean Christian Stores, LLC (the "Debtor"), by and through its undersigned proposed counsel, submits this motion (the "Motion"), pursuant to Section 105 of the Bankruptcy Code and Rule 9006 of the Federal Rules of Bankruptcy Procedure, to continue the hearing scheduled for June 18, 2009 (the "Bid Procedures Hearing") on the Debtor's Motion for Order Pursuant to Sections 105, 363, 365, 1107 and 1108 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 (A) Approving Procedures for Consideration of Alternative Investment or Sale Proposals; (B) Approving the Break-Up Fee and Expense Reimbursement; (C) Scheduling an Auction and Hearing to Approve the Transaction and Approving the Form and Manner of Notice Thereof; and (D) Establishing Procedures Relating to the Assumption and/or Assignment of Executory Contracts and Unexpired Leases, Including Notice of Proposed Cure Amounts (Doc. No. 45) (the "Bid

Procedures Motion") by at least two weeks beyond the date initially scheduled.[1]  In support of this Motion, the Committee respectfully states:

## Background

1.      On June 9, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief in this Court under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.   No trustee or examiner has been appointed in the Debtor's Chapter 11 case.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4.      On June 16, 2009, the United States Trustee appointed the Committee (Doc. No. 75).  The members of the Committee are Thomas Nelson Inc., Standex International Corp., EMI CMG Distribution, Word Entertainment, STL Distribution, Provident Integrity Dist., and Zondervan Publishers.  That same day, the Committee held a telephonic organizational meeting at which 5 of the 7 members of the Committee were present.  The Committee selected Taft as proposed counsel to represent the Committee in all matters during the pendency of this Chapter 11 case.

## Relief Requested

5.      By this Motion, the Committee respectfully requests that this Court continue the Bid Procedures Hearing and all related deadlines by at least two weeks beyond the date initially scheduled.

---

[1] Concurrently with the filing of this Motion, the Committee is filing a motion for expedited hearing on this Motion. The Committee is also filing an objection to the Bid Procedures Motion to preserve its objections in the event that the Court denies this Motion.

## Argument

6.     The Debtor filed its Bid Procedures Motion on June 11, 2009, two days after the Petition Date.  By its Bid Procedures Motion, the Debtor requests that this Court approve bid procedures (the "Bid Procedures") that require potential buyers to interpose bids for the Debtor's assets by July 16, 2009 (the "Bid Deadline")—less than one month from the hearing scheduled to consider the Bid Procedures and **before** the Debtor is required to file its schedules and statement of financial affairs.  *See* Order Granting Extension of Time to File Schedules and Statements (Doc. No. 38) (granting Debtor's request for an extension of time, up to and including July 24, 2009, to file its schedules and statement of financial affairs).  Consequently, buyers and parties in interest will not have an opportunity to review or analyze the Debtor's assets and liabilities prior to the Bid Deadline.

7.     The pace of this case appears to be driven by the Debtor's liquidity and by its debtor-in-possession financing facility (the "DIP Financing").  To support its statements that a sale by the end of July is critical to the Debtor's ability to sell its business as a going-concern, the Debtor has presented the Court with a budget (the "Budget") that shows the Debtor at a negative cash flow in eight weeks.[2]  Although the Committee understands and appreciates the Debtor's concerns regarding preserving the value of its business as a going concern, the Committee has not had sufficient opportunity to analyze and evaluate the Budget in the context of this Chapter 11 case.

8.     One fact is clear to the Committee from the Budget: the Debtor had significant cash available as of the Petition Date.  Consequently, it is unclear to the Committee why the

---

[2] The Budget is attached as Exhibit 2 to the Court's Agreed Interim Order (I) Authorizing Secured Post-Petition Financing, (II) Granting Senior Liens and Superpriority Administrative Expense Status, (III) Granting Limited Relief from the Automatic Stay, and (IV) Granting Related Relief (Doc. No. 29).

Debtor needed DIP financing or how the Debtor meets the standards imposed by Section 364 of the Bankruptcy Code.

9.  The Debtor's compressed time frames for this case essentially require the Committee, the Debtor's creditors, and the Court to assume without investigation (i) that the Debtor's pre-petition lender was properly perfected, such that paying that lender in full and incurring a superpriority claim to do so is appropriate; (ii) that the Debtor's Budget accurately projects a negative cash flow at the end of July; (iii) that the proposed DIP Facility is both necessary and the best financing available under the circumstances; and (iv) that the Debtor's assets can and must be adequately marketed during the next month to achieve the highest and best value for those assets. The Committee has serious questions regarding each of these assumptions.

10.  Simply stated, the Committee cannot adequately represent the interests of the Debtor's unsecured creditors and discharge its duties under the Bankruptcy Code within the very short time frames currently governing this case. Further, the Committee has seen nothing in its preliminary review of the docket in this case suggesting that any party in interest would be prejudiced by slowing this process by two weeks to enable the Committee to meaningfully investigate the need for and adequacy of the proposed DIP Financing and sale process.

11.  Pursuant to Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, this Court may enlarge the time the Committee has to respond to the Bid Procedures Motion. Fed. R. Bankr. P. 9006(b). Additionally, pursuant to Section 105 of the Bankruptcy Court, the Court has "broad authority" to "take appropriate equitable measures." *In re Dow Corning Corp.*, 280 F.3d 648, 656 (6th Cir. 2002). The Committee respectfully requests that this Court exercise its

authority to slow the pace of this case to allow the Committee and other parties in interest to intelligently evaluate the Debtor's pending motions.

## Memorandum of Law

14.     This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Committee respectfully requests that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that a separate memorandum of law be submitted.

## No Prior Request

15.     No prior application for the relief requested herein has been made by the Committee to this or any other court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order: (i) continuing the Bid Procedures Hearing and all related deadlines by at least two weeks beyond the date initially scheduled, and (ii) granting the Committee such other relief as is just.

Dated:  June 17, 2009

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

/s/ Beth A. Silvers_____
W. Timothy Miller (0059952)
Beth A. Silvers (0081236)
425 Walnut Street, Ste. 1800
Cincinnati, OH  45202
Telephone:  (513) 381-2838
Facsimile:  (513) 381-0205
email:  miller@taftlaw.com
silvers@taftlaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all registered ECF participants through the Court's ECF system at the email addresses registered with the Court on the 17th day of June 2009, and by facsimile and/or electronic mail, or U.S. Overnight Mail postage prepaid on the 18th day of June 2009 upon the following:

Kasey T. Ingram
Kasey.ingram@dinslaw.com

Kim Martin Lewis
Kim.lewis@dinslaw.com

Patrick D. Burns
Patrick.burns@dinslaw.com

Monica V. Kindt
Monica.kindt@usdoj.gov

Nicholas Pantel
Donetta.wiethe@usdoj.gov

Ohio Dept. of Taxation
Shelly_todd@tax.state.oh.us

Ronald E. Gold
rgold@fbtlaw.com

Leonard Z. Eppel
fralze@juno.com

Mark Phillips
mphillips@beneschlaw.com

David Stein
dstein@wilentz.com

Stuart Hoberman
shoberman@wilentz.com

Thomas Nelson
fwentworth@thomasnelson.com

Zondervan Publishing
Janene.morin@zondervan.com

Dayspring
jamesb@dayspring.com

Word Entertainment
kenwilliams@wordentertainment.com

STL Distribution
Hugh.gwaltney@stl-distribution.com

Provident Music
Lori.lott@pmgsonymusic.com

Tyndale House Publishers
johnseward@tyndale.com

Standard Publishing
lcarpenter@standardpub.com

Broadman Press
Cossy.parchares@lifeway.com

Harvest House Publishing
Mary.cooper@harvesthousepublishers.com

Dicksons
dstuckwisch@dicksonsgifts.com

Kerusso Activewear
tbowen@kerusso.com

Baker Book House Company dba Baker Publishing Group
wbrower@bakerpublishing.com

Barbour Publishing
gkourkounakis@barbourbooks.com

Moody Press
Ed.santiago@moody.edu

David C. Cook
Jana.zachman@davidcook.com

Lifeway Christian Publishing

Cossy.pachares@lifeway.com
Gospel Light Publishing
Hawks_michael@gospellight.com

Not of This World
Kevin@c28.com

Union Gospel Press
rlowe@uniongospelpress.com

Standex International Corp.
brown@standex.com

Ohio Bureau of Worker's Compenstion
Attn: Law Section, Bankruptcy Unit
30 W. Spring Street
Columbus, OH 43215-2264

Ohio Dept of Job and Family Services
Attn: Collection Department
30 W. Broad St., FL 32
Columbus, OH 43215

Internal Revenue Service
District Director Insolvency Section
Attn: Lou Hill
550 Main St., Ste. 1000
Cincinnati, OH 45201

Roman, Inc.
Attn: Automne Heather
472 Brighton Drive
Bloomingdale, IL 60108

Good News Publishing
Attn: Dan Kok
1300 Crescent Street
Wheaton, IL 60187

Lang Holdings
Michael Ganuey
514 Wells St.
Delafield, WI 53018

/s/ Beth A. Silvers