**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: June 25, 2009**

Jeffery P. Hopkins
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>**BEREAN CHRISTIAN STORES, LLC**<br>**9415 Meridian Way**<br>**West Chester, OH 45069**<br><br>a Delaware limited liability company,<br><br>Debtor<br><br><br>Employer Tax I.D. No. 20-4890647 | Chapter 11<br><br>Case No. 09-13640<br><br>Honorable Jeffery P. Hopkins |

**ORDER PURSUANT TO SECTIONS 105, 363, 365, 1107 AND 1108 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 6004 (A) APPROVING PROCEDURES FOR CONSIDERATION OF ALTERNATIVE INVESTMENT OR SALE PROPOSALS; (B) APPROVING THE BREAK-UP FEE AND EXPENSE REIMBURSEMENT; (C) SCHEDULING AN AUCTION AND HEARING TO APPROVE THE TRANSACTION AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (D) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND/OR ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS**

Upon the motion of the Debtor (Doc. No. 45) for an order (a) approving procedures for

consideration of alternative investment or sale proposals; (b) approving the Break-Up Fee and

Expense Reimbursement[1]; (c) scheduling an auction and hearing to approve the Transaction and approving the form and manner of notice thereof; and (d) establishing procedures relating to the rejection or assumption and/or assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "Motion") dated June 11, 2009; and this Court having considered the Motion and objections thereto, if any, and the arguments of counsel made, and the evidence adduced, at a hearing on the Motion; notice of this Motion, as set forth in the Motion, having been appropriate under the circumstances; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and all other interested parties; and after due deliberation thereon, and good cause appearing therefore,

**THE COURT HEREBY FINDS THAT:[2]**

(a)     This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).  Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

(b)     The statutory predicates for the relief requested in this Motion are sections 105(a), 363(b) and (f), 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002(a)(2), 6004(a), (b), (c), (e) and (f), 6006(a) and (c), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

(c)     The Debtor has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sale process, including, without limitation, (i) approval of the Bid Procedures and, under the circumstances described herein, the Break- Up Fee and

---

[1] Capitalized terms not defined herein shall have the meanings given to them in the Motion.
[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Expense Reimbursement; (ii) determination of final Cure Amounts (as defined below) in the manner described herein; and (iii) approval and authorization to serve the Sale Notice (as defined below).

(d)     The Break-Up Fee and Expense Reimbursement to be paid under the circumstances described herein and in the Purchase Agreement to the Purchaser are: (i) actual and necessary costs and expenses of preserving the Debtor's estate within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code; (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Purchaser; (iii) reasonable and appropriate in light of the size and nature of the proposed sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Purchaser; and (iv) necessary to induce the Purchaser to continue to pursue the Transaction and to continue to be bound by the terms of the Purchase Agreement.

(e)     The Break-Up Fee and Expense Reimbursement also induced the Purchaser to submit a bid that will serve as a minimum floor bid on which the Debtor, its creditors and other bidders may rely.  The Purchaser has provided a material benefit to the Debtor and its creditors by increasing the likelihood that the best possible price for the Debtor's assets will be received.  Accordingly, the Bid Procedures, and the Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtor's estate.  The priority of the Break-Up Fee and Expense Reimbursement shall be an administrative super-priority claim in the Chapter 11 Case and shall be made prior to the payment of any other claim in this Chapter 11 case, save for the post-petition loan claim of SANI PACIFIC.

(f)     The Bid Procedures and Purchase Agreement were negotiated in good faith by the Debtor and the Purchaser.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Bid Procedures, substantially in the form attached hereto as <u>Exhibit A</u>, are hereby approved and fully incorporated into this Order.  The Debtor may modify the Bid Procedures if it deems such modifications to be in the best interest of the Debtor's estate, with such modifications being acceptable to the Purchaser and if not, then the Purchaser may withdraw its offer to purchase and terminate the Purchase Agreement.  The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

2.    All objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at the hearing on the Motion or by stipulation filed with the Court, are overruled.

3.    The Break-Up Fee and Expense Reimbursement, as set forth in the Purchase Agreement, are hereby approved.  If the Purchaser becomes entitled to receive the Break-Up Fee and Expense Reimbursement, then the Purchaser shall be, and hereby is, granted an allowed administrative super-priority claim in the Debtor's chapter 11 case of the kind specified in sections 503(b) and 507(b) of the Bankruptcy Code junior only to the claims of the SANI PACIFIC, in an amount equal to the Break-Up Fee and Expense Reimbursement.

4.    The Purchaser's aggregate liability for monetary damages in the event of the termination of the Purchase Agreement, if any, shall not exceed an amount equal to the Expense Reimbursement.

5.    The Debtor is authorized and directed, without further action or order by the Court, to pay the Break-Up Fee and Expense Reimbursement to the Purchaser in accordance with the terms and conditions of the Purchase Agreement should it become due and payable.

6.     No person or entity, other than the Purchaser, shall be entitled to any expense reimbursement, break-up fee, "topping," termination or other similar fee or payment.

7.     The Notice of Auction and Sale Hearing (the "Sale Notice"), substantially in the form attached hereto as <u>Exhibit B</u>:  (a) is hereby approved; and (b) shall be served within five (5) business days of entry of this Order, upon (i) Berean Christian Stores, LLC, 9415 Meridian Way, West Chester, OH 45069 (Attn: William Simmons); (ii) Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, Ohio 45202 (Attn. Kasey T. Ingram, Esq. (kasey.ingram@dinslaw.com) Kim Martin Lewis, Esq. (kim.lewis@dinslaw.com), and Patrick D. Burns, Esq. (patrick.burns@dinslaw.com)), counsel to the Debtor; (iii) Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold, Esq. (rgold@fbtlaw.com)) counsel to the Lender and the Purchaser; (iv) Financial Resource Associates, Inc., 10901 Reed Hartman Hwy., Ste. 320, Cincinnati, OH 45242 (Attn:  Leonard Z. Eppel (fralze@juno.com)); (v) the Office of the United States Trustee, Southern District of Ohio, 36 East Seventh St., Suite 2030, Cincinnati, OH 45202 (Attn: Monica Villarejos Kindt, Esq. (monica.kindt@usdoj.gov)); (vi) Taft, Stettinius & Hollister LLP, 425 Walnut St., Suite 1800, Cincinnati, Ohio 45202 (Attn:  Timothy Miller (miller@taftlaw.com) and Beth Silvers (silvers@taftlaw.com)) counsel to the Official Committee of Unsecured Creditors; (vii) holders of the 25 largest unsecured claims; and (viii) any governmental unit listed in LBR 5003-1(d) (collectively, the "Initial Master Service List"); (ix) all creditors listed on the creditor matrix; (x) all parties that have filed a Notice of Appearance in this case; (xi) all parties known to Debtors who have, or may have asserted liens against any of Debtor's assets; (xii) all parties which have contracts or leases

that may be subject to assumption or rejection in accordance with 11 U.S.C § 365; and (xiii) all Potential Bidders known to the Debtor.

8.   The Notice of Debtor's Intent to Reject or Assume and Assign Certain Unexpired Leases and Executory Contracts and Setting Forth Cure Amounts (the "Cure Notice"), substantially in the form attached hereto the Motion as Exhibit C: (a) is hereby approved; and (b) shall be served upon each counterparty to and executory contract or unexpired lease no later than ten (10) days prior to the Sale Hearing.

9.   Except as may otherwise be agreed to by the parties to an Assumed Contract (with the consent of the Prevailing Purchaser), the Cure Amount shall be paid in cash, by the Debtor, within two (2) days of the closing of the Transaction.  In the event of a dispute regarding the Cure Amount, any payments required, following entry of a Final Order resolving such dispute, shall be made as soon as practicable thereafter.

10.  Objections, if any, to the proposed rejection or assumption and assignment of the Rejected or Assumed Contracts, including, but not limited to, objections relating to the Cure Amount, adequate assurances of future performance, and/or other objections pertaining to the assumption and/or assignment of the Rejected or Assumed Contracts must (a) be in writing; (b) state with specificity the nature of such objection and the alleged Cure Amount (with appropriate documentation in support thereof, if applicable); (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court; and (d) be filed with this Court and served upon (so as to be received by) the following parties (collectively, the "Notice Parties") on or before the Sale Objection Deadline (defined below): Berean Christian Stores, LLC, 9415 Meridian Way, West Chester, OH 45069 (Attn: William Simmons); (ii) Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, Ohio

45202 (Attn. Kasey T. Ingram, Esq. (kasey.ingram@dinslaw.com), Kim Martin Lewis, Esq. (kim.lewis@dinslaw.com), and Patrick D. Burns, Esq. (patrick.burns@dinslaw.com)), counsel to the Debtor; (iii) Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold, Esq. (rgold@fbtlaw.com) counsel to the Lender and the Purchaser; (iv) the Office of the United States Trustee, Southern District of Ohio, 36 East Seventh St., Suite 2030, Cincinnati, OH 45202 (Attn: Monica Villarejos Kindt, Esq. (monica.kindt@usdoj.gov)); (v) Taft, Stettinius & Hollister LLP, 425 Walnut St., Suite 1800, Cincinnati, Ohio 45202 (Attn: Timothy Miller (miller@taftlaw.com) and Beth Silvers (silvers@taftlaw.com)) counsel to the Official Committee of Unsecured Creditors; (vi) any governmental unit listed in LBR 5003-1(d); and (vii) any party filing a Notice of Appearance in this Chapter 11 case.

11. Any party to a Rejected or Assumed Contract failing to timely file an objection to (i) the Cure Amounts as set forth in the Cure Notice, (ii) adequate assurance of future performance, or (iii) the proposed rejection or assumption and assignment of the Rejected or Assumed Contracts, shall be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts against the Debtor, its estate, or the Prevailing Purchaser with respect to such party's executory contract(s) or unexpired lease(s) and will be deemed to consent to the Transaction and the proposed rejection or assumption and assignment of its executory contract(s) or unexpired lease(s).

12. Where a party to an Assumed Contract files a timely objection asserting a higher cure amount than the Cure Amount, and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, the amount to be paid under section 365 of the Bankruptcy Code with respect to such objection will be determined at the Sale Hearing or such other date and

time as may be fixed by this Court. All other objections to the proposed assumption and assignment of the Assumed Contracts will be heard at the Sale Hearing.

13. In the event the Debtor does not receive any Qualifying Bids except for the Qualifying Bid of the Purchaser by the Bid Deadline, the Debtor shall not hold an Auction and instead shall seek approval of the Purchase Agreement at the Sale Hearing.

14. In the event the Debtor receives more than one Qualifying Bid, the Debtor shall conduct the Auction on July 24, 2009 at 10:00 a.m. prevailing Eastern time at Dinsmore & Shohl LLP, 255 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202. If the date or location of the Auction is changed, notice of the changed date or location will be filed with the Bankruptcy Court at least 24 hours prior to the scheduled commencement of the Auction.

15. The hearing to approve the Transaction will be conducted on July 27, 2009 at 2:00 p.m. prevailing Eastern time (the "Sale Hearing"). The Debtor will seek the entry of an order of this Court at the Sale Hearing approving and authorizing the Transaction to the Purchaser or the bidder with the highest or best offer at the Auction, as applicable (the "Prevailing Purchaser"), on terms and conditions consistent with the Purchase Agreement or, as the case may be, the Modified Purchase Agreement, as each may be amended and modified. The Sale Hearing may be adjourned or rescheduled with consent of the Prevailing Purchaser, without notice other than by an announcement of the adjourned date at the Sale Hearing.

16. Objections, if any, to the relief requested in the Sale Motion as it relates to the Transaction must: (a) be in writing and filed with this Court; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and (c) be served upon (so as to be received by) the Notice Parties on or before 4:00 p.m. prevailing Eastern time on July 22, 2009 (the "Sale Objection Deadline").

17.     The United States Trustee shall appoint a Consumer Privacy Ombudsman ("Ombudsman") pursuant to Section 332 no later than July 3, 2009, without prejudice to the United States Trustee's right to seek additional time.  The Ombudsman, the Debtor, and the Committee shall confer and set a cap on the Ombudsman fees and expenses (the "Cap").  Any dispute on the extent of the Cap shall be submitted to this Court for review on an expedited basis.

18.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

20.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Order shall govern.

21.     This Court shall retain jurisdiction to resolve any dispute relating to the interpretation, implementation and enforcement of the terms and conditions of the Purchase Agreement and this Order.  To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

**IT IS SO ORDERED.**

# # #

# EXHIBIT A

# BID PROCEDURES

Set forth below are the bid procedures (the "Bid Procedures") to be employed by Berean Christian Stores, LLC (the "Debtor") in connection with that certain asset purchase agreement between the Debtor and Berean Christian Stores Endeavor, LLC, a California limited liability company (the "Purchaser"), pursuant to which the Purchaser shall acquire all or substantially all of the Debtor's assets on the terms and conditions specified therein (the "Purchase Agreement"). The Debtor shall obtain entry of an order, in form and substance acceptable to the Purchaser, of the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court") which, among other things (a) approves the Bid Procedures, (b) approves the form and manner of the Sale Notice and Bid Procedures Notice, (c) schedules a Sales Hearing date, (d) approves procedures for the assumption and assignment of executory contracts and unexpired leases, and (e) approves the break-up fee and expense reimbursement (the "Bid Procedures Order"). Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Purchase Agreement.

## 1. Assets to be Sold

The Debtor shall offer for sale all or substantially all of the property and assets (the "Asset Sale") of the Debtor's business as identified in further detail in the Purchase Agreement (collectively the "Acquired Property").

## 2. Participation Requirements

Any person that wishes to participate in the bid process (each, a "Potential Bidder") must become a "Qualifying Bidder." As a prerequisite to becoming a Qualifying Bidder (and, thus, being able to conduct due diligence), a Potential Bidder must be able, as determined by the Debtor in consultation with the Official Committee of Unsecured Creditors (the "Committee"), to consummate a transaction based upon the Asset Sale, if selected as the successful bidder.

The Purchaser is deemed a Qualifying Bidder and the Purchase Agreement constitutes a Qualifying Bid (as defined below) for all purposes.

## 3. Due Diligence

The Debtor shall afford any Qualifying Bidder that delivers an executed confidentiality agreement in form and substance acceptable to the Debtor and Trustee, the time and opportunity to conduct reasonable due diligence, subject to parameters that the Debtor, in consultation with its advisors and the Committee, deem appropriate. The due diligence period shall extend through and include the Bid Deadline (as defined below).

## 4. Bid Requirements

To be deemed a "Qualifying Bid," a bid must be received from a Qualifying Bidder by a date no later than the Bid Deadline that:

a)      states such Qualifying Bidder offers to purchase assets of the Debtor, (the "Assets") upon the terms and conditions substantially as set forth in the Purchase Agreement or pursuant to an alternative structure that the Debtor, in consultation with the

Committee, determines is no less favorable than the terms and conditions of the Purchase Agreement;

b) is accompanied by a clean and duly executed purchase agreement (the "Modified Purchase Agreement") and a marked Modified Purchase Agreement reflecting any variations from the Purchase Agreement executed by the Purchaser;

c) states such Qualifying Bidder is financially capable of consummating the transactions contemplated by the Modified Purchase Agreement and provides written evidence in support thereof;

d) states such Qualifying Bidder's offer is irrevocable until the closing of the Asset Sale if such Qualifying Bidder is the Prevailing Purchaser or Back-Up Bid (each as defined below);

e) contains such financial and other information to allow the Debtor, in consultation with its advisors and the Committee, to make a reasonable determination as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified Purchase Agreement, including, without limitation, such financial and other information setting forth adequate assurance of future performance under contracts and leases to be assumed pursuant to section 365 of the Bankruptcy Code in a form requested by the Debtor;

f) identifies with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing;

g) does not request or entitle such Qualifying Bidder to any break-up fee, expense reimbursement, or similar type of payment;

h) fully discloses the identity of each entity that will be bidding in the Asset Sale or otherwise participating in connection with such bid (including the parent company of any entity formed to participate in the Asset Sale), and the complete terms of any such participation;

i) will result in value to the Debtor's estate, in the Debtor's reasonable judgment after consulting with legal and financial advisors, and the Committee, that (i) in the case of a bid for substantially all of the Debtor's assets is more than the aggregate of the value of the sum of: (i) $1,600,000 (the initial purchase price) plus (ii) $120,000, which amount shall be the "Initial Overbid" (inclusive of the Bid Protections), and collectively, with the initial purchase price, shall be the "Threshold Amount", or (ii) in the case of a bid for a portion of the Debtor's assets, an amount of cash that the Debtor, in its reasonable business judgment after consulting with legal and financial advisors and the Committee, determines will, if combined with other bids for the remaining assets of the Debtor, exceed the Threshold Amount;

j) provides for the repayment of all obligations owed by the Debtor under the post-petition debtor-in-possession financing facility by the date upon which the

transaction contemplated under the Modified Purchase Agreement is substantially consummated;

k)     (i) does not contain any due diligence or financing contingencies of any kind; and (ii) contains evidence that the Qualifying Bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Asset Sale, which evidence is reasonably satisfactory to the Debtor;

l)     includes evidence of authorization and approval from the Qualifying Bidder's board of directors (or comparable governing body) with respect to the submission, execution, and delivery of the Modified Purchase Agreement; and

m)     provides a purchase deposit equal to ten percent (10%) of the purchase price contained in the Modified Purchase Agreement.

A competing bid satisfying all the above requirements shall constitute a Qualifying Bid.

## 5.    **Bid Deadline**

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to (i) Berean Christian Stores, LLC, 9415 Meridian Way, West Chester, OH 45069 (Attn: William Simmons) and (ii) Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, Ohio 45202 (Attn. Kasey T. Ingram, Esq. (kasey.ingram@dinslaw.com), Kim Martin Lewis, Esq. (kim.lewis@dinslaw.com), and Patrick D. Burns, Esq. (patrick.burns@dinslaw.com)), counsel to the Debtor so as to be received no later than July 22, 2009 at 4:00 p.m. (prevailing Eastern time) (the "Bid Deadline").

## 6.    **Evaluation of Qualifying Bids**

The Debtor, in consultation with the Committee, shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by a date no later one (1) days prior to the Auction Date (as defined below). Prior to the Auction (as defined below), the Debtor shall determine, in its reasonable judgment and in consultation with the Committee, which of the Qualifying Bids is the highest or best value to the Debtor. Upon making a determination that a bidder has submitted a Qualifying Bid, the Debtor shall promptly notify the Purchaser of the identity of the proposed Qualifying Bidder and provide the Purchaser with a copy of the Qualifying Bid.

## 7.    **No Qualifying Bids**

If no timely, conforming Qualifying Bids other than the Purchase Agreement submitted by the Purchaser are submitted by the end of the Bid Deadline, the Debtor shall not hold an Auction and instead shall request at the Sale Hearing (as defined below) that the Bankruptcy Court approve the Purchase Agreement with the Purchaser.

8.    **Auction**

In the event that the Debtor timely receives one or more Qualifying Bids other than the Purchase Agreement, the Debtor shall conduct an auction (the "Auction") on a date and at a location to be determined by the Debtor, which shall occur no later than July 24, 2009 (the "Auction Date"). The Auction shall be governed by the following procedures:

(a)    only the Purchaser and the other Qualifying Bidders shall be entitled to make any subsequent bids at the Auction;

(b)    the Purchaser and the other Qualifying Bidders shall appear in person or by other means, including telephonically, as may be permitted by the Debtor at the Auction, or through a duly authorized representative;

(c)    bidding shall commence at the amount of the highest Qualifying Bid submitted by a Qualifying Bidder prior to the Auction;

(d)    Qualifying Bidders may then submit successive bids in minimum increments, to be determined in the discretion of the Debtor in consultation with the Committee, and then continue in such increments; provided that the Debtor shall retain the right to modify the bid increment requirements at the Auction;

(e)    the Purchaser shall be entitled to include as part of any and all of its subsequent bids a credit for the amount of the Break-Up Fee (as defined in the Purchase Agreement);

(f)    all Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Purchase Agreement or Modified Purchase Agreement, as applicable, at the Auction, provided that any such modifications to the Purchase Agreement or Modified Purchase Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor than the terms of the Purchase Agreement;

(g)    the Auction shall continue until there is only one offer that the Debtor determines, in consultation with the Committee and subject to Bankruptcy Court approval, is the highest or best bid or bids from among the Qualifying Bids submitted at the Auction (the "Prevailing Bid(s)"); and the second highest or best bid or bids from among the Qualifying Bids submitted at the Auction, as determined by the Debtor, shall be the "Back-Up Bid(s)". In making this decision, the Debtor shall consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, and the net benefit to the Debtor's estate. The bidder(s) submitting such Prevailing Bid(s) shall become the "Prevailing Purchaser(s)," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Purchase Agreement or Modified Purchase Agreement, as applicable. The bidder(s) submitting such Back-Up Bid(s) shall become the Back-Up Bidder(s) and in the event the Prevailing Purchaser(s) fail to close shall be required to close under the terms of the Purchase Agreement or Modified Purchase Agreement signed by such Back-Up Bidder(s);

(h)      within one (1) business day after adjournment of the Auction, the Prevailing Purchaser(s) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Prevailing Bid(s) were made; and

(i)      within one (1) day after adjournment of the Auction, the Debtor shall file a notice identifying the Prevailing Purchaser and Back-Up Bidder with the Bankruptcy Court.

## 9.      <u>Sale Hearing</u>

The Prevailing Bid(s) (or the Purchase Agreement if no Qualifying Bid other than that of the Purchaser is received) and Back-Up Bid(s) will be subject to approval by the Bankruptcy Court. The hearing to approve the Prevailing Bid (or the Purchase Agreement if no Qualifying Bid other than that of the Purchaser is received) (the "Sale Hearing") shall take place on or before July 27, 2009.

## 10.      <u>The Back-Up Bid</u>

In the event the Prevailing Purchaser(s) are unable to consummate the Asset Sale following the Sale Hearing, the Debtor will have the right to present any other bid, including the Back-Up Bid(s), to the Court for approval.

## 11.      <u>Return of Deposits</u>

All deposits shall be returned to each bidder not selected by the Debtor as the Prevailing Purchaser or Back-Up Bidder by no later than five (5) business days following the conclusion of the Auction. The Deposit to the Prevailing Purchaser or Back-Up Bidder shall be returned to the party that does not close the transaction, if due and owing, no later than five (5) business days following the closing of the Asset Sale.

## 12.      <u>Reservation of Rights</u>

The Debtor reserves the right to extend the deadlines set forth in the Bid Procedures and/ or to adjourn the Auction for cause shown upon notice and with the consent of the Purchaser.

**EXHIBIT B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **BEREAN CHRISTIAN STORES, LLC**<br>**9415 Meridian Way**<br>**West Chester, OH 45069** | **Case No. 09-13640**<br><br>**Honorable Jeffery P. Hopkins** |
| **a Delaware limited liability company,** | |
| **Debtor** | |
| **Employer Tax I.D. No. 20-4890647** | |

**NOTICE OF AUCTION AND SALE HEARING IN CONNECTION**
**WITH THE SALE OF THE ASSETS OF BEREAN CHRISTIAN STORES, LLC**

Notice is hereby given, as follows:

1.      On June 9, 2009, the above-captioned debtor (the "Debtor") filed a motion seeking approval of, among other things (i) Bid Procedures and Bid Protections in connection with a sale of all or substantially all of the Debtor's assets free and clear of any and all liens, claims, and encumbrances, pursuant to section 363 of the Bankruptcy Code (an "Asset Sale"); (ii) procedures to determine cure amounts and deadlines for objections to certain contracts, and leases to be assumed and assigned by the Debtor pursuant to the Transaction; and (iii) related relief (the "Bid Procedures Motion") with the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court"). By order dated _____, 2009, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion (the "Bid Procedures Order").

2.      The Debtor has agreed to a "Purchase Agreement" with the Purchaser[3] contemplating the sale by the Debtor of all or substantially all of its assets, which Purchase Agreement remains subject to higher and better offers from any prospective Qualifying Bidder.

3.      All interested parties are invited to become a Qualifying Bidder and to make offers to purchase all or substantially all of the Debtor's assets, in accordance with the terms of the Bid Procedures and the Bid Procedures Order, available upon faxed, written request from counsel to the Debtor, Dinsmore & Shohl LLP, 255 E. 5th Street, Suite 1900, Cincinnati, Ohio 45202 (Attn: Kasey T. Ingram, Kim Martin Lewis, and Patrick D. Burns) (facsimile number (513) 977-8141) ("Debtor's Counsel"). The deadline to submit bids (the "Bid Deadline") is July 22, 2009 at 4:00 p.m. (prevailing Eastern Time).

4.      Pursuant to the Bid Procedures Order, the Debtor may conduct an auction (the "Auction") for the sale of the assets at the offices of Dinsmore & Shohl LLP, 255 E. 5th Street, Suite

---

[3] Capitalized terms not defined herein shall have the meaning ascribed in the Bid Procedures Order.

1900, Cincinnati, Ohio 45202, on July 24, 2009 at 10:00 a.m. (prevailing Eastern Time), or at such other place and time as the Debtor shall notify all Qualifying Bidders.

5.      The Debtor intends to seek the Bankruptcy Court's approval of the sale of all or substantially all of the Debtor's assets to the Purchaser, or to a Qualifying Bidder submitting the highest or best offer at the Auction (the "Prevailing Purchaser") or the next highest or best offer (the "Back-Up Bid" in the event the Prevailing Purchaser is unable to close the Asset Sale.  A consumer privacy ombudsman will be appointed to monitor the sale of any personally identifiable information. A hearing will be conducted on or before July 27, 2009 at 2:00 p.m. (prevailing Eastern time), or such other time as the Bankruptcy Court shall determine (the "Sale Hearing").  The Sale Hearing will be held before the Honorable Jeffery P. Hopkins.

6.      At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of this chapter 11 case. Objections, if any, to the Asset Sale pursuant to the terms of the agreement reached between the Debtor and the Prevailing Purchaser shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of Ohio, shall set forth the name of the objecting party, the nature and amount of any claims or interests held or asserted against the Debtor's estate or properties, the basis for the objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court and be served upon (i) Berean Christian Stores, LLC, 9415 Meridian Way, West Chester, OH 45069 (Attn: William Simmons); (ii) Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, Ohio 45202 (Attn: Kasey T. Ingram, Esq. (kasey.ingram@dinslaw.com), Kim Martin Lewis, Esq. (kim.lewis@dinslaw.com), and Patrick D. Burns, Esq. (patrick.burns@dinslaw.com)), counsel to the Debtor; (iii) Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold, Esq. (rgold@fbtlaw.com) counsel to the DIP Term Lender and Proposed Buyer; (iv) Financial Resource Associates, Inc., 10901 Reed Hartman Hwy., Ste. 320, Cincinnati, OH 45242 (Attn:  Leonard Z. Eppel (fralze@juno.com)); (v) the Office of the United States Trustee, Southern District of Ohio, 36 East Seventh St., Suite 2030, Cincinnati, OH 45202 (Attn: Monica Villarejos Kindt, Esq. (monica.kindt@usdoj.gov)); (vi) Taft, Stettinius & Hollister LLP, 425 Walnut St., Suite 1800, Cincinnati, Ohio 45202 (Attn:    Timothy Miller (miller@taftlaw.com) and Beth Silvers (silvers@taftlaw.com)) counsel to the Official Committee of Unsecured Creditors; (vii) holders of the 25 largest unsecured claims; and (viii) any governmental unit listed in LBR 5003-1(d) (collectively, the "Initial Master Service List"), so as to be actually received on or before July 22, 2009 at 4:00 p.m. (prevailing Eastern Time).

7.      Requests for a copy of the Purchase Agreement or for any other information concerning the Transaction should be directed by written request to Debtor's counsel.

Dated: _____, 2009          Respectfully submitted,
      Cincinnati, Ohio

DINSMORE AND SHOHL, LIP

*/s/*_____
Kasey T. Ingram (OH# 0075234)
Kim Martin Lewis (OH#  0043533)
Patrick D. Burns (OH# 0081111)
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Telephone:  513-977-8200
Facsimile:  513-977-8141
kasey.ingram@dinslaw.com
kim.lewis@dinslaw.com
patrick.burns@dinslaw.com

Counsel for the Debtor and
 Debtor-in-Possession

**EXHIBIT C**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| In re:<br><br>**BEREAN CHRISTIAN STORES, LLC**<br>**9415 Meridian Way**<br>**West Chester, OH 45069**<br><br>**a Delaware limited liability company,**<br><br>        **Debtor**<br><br><br>**Employer Tax I.D. No.  20-4890647** | **Chapter 11**<br><br>**Case No. 09-13640**<br><br>**Honorable Jeffery P. Hopkins** |

## NOTICE OF DEBTORS' INTENT TO REJECT OR TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS AND SETTING FORTH THE CURE AMOUNTS

PLEASE TAKE NOTICE that on June 11, 2009, the debtor in the above-captioned case (the "Debtor"), filed a motion (the "Motion") (Doc. No. 45) seeking approval of, among other things: (i) Bid Procedures and Bid Protections in connection with a sale of all or substantially all of the Debtor's assets free and clear of any and all liens, claims, and encumbrances, pursuant to section 363 of the Bankruptcy Code (the "Sale"); (ii) establishing procedures to determine Cure Amounts and deadlines for objections to certain contracts, and leases to be assumed and assigned by the Debtor pursuant to the Sale (the "Cure Procedures") and (c) granting related relief with the United States Bankruptcy Court for the Southern District of Ohio (the "Bankruptcy Court").  By order dated _____**, 2009**,the Bankruptcy Court approved the Motion and the Cure Procedures (the "Bid Procedures Order").

PLEASE TAKE FURTHER NOTICE that at a hearing on July 27, 2009 at 2:00 p.m. (prevailing Eastern time) or such other time as the Bankruptcy Court shall determine (the "Sale Hearing"), the Debtor intends to seek approval of the Sale with the Purchaser or another successful bidder at the Auction[4] (each, a "Buyer"), pursuant to the terms of a purchase agreement between the Debtor and the Buyer (the "Purchase Agreement").

PLEASE TAKE FURTHER NOTICE that, the Debtor is a party to various executory contracts and unexpired leases (the "Contracts and Leases"), and, pursuant to the Procedures Order, at the Sale Hearing, the Debtor intends to seek approval of the Bankruptcy Court to assume and assign to the Buyer certain Contracts and Leases (collectively, the "Assumed Contracts and Leases").

PLEASE TAKE FURTHER NOTICE that the Debtor intends to reject all Contracts and Leases that are not designated by the Buyer as Assumed Contracts and Leases (the "Rejected Contracts and Leases").

---

[4] Capitalized terms not defined herein shall have the meaning ascribed in the Bid Procedures Order.

PLEASE TAKE FURTHER NOTICE that you have been identified as either a party to a Contract or Lease that the Debtor may seek to assume and assign or as a party to a Contract or Lease that the Debtor may seek to reject. The Contracts and Leases that may be assumed and assigned by the Debtor, and the corresponding proposed cure amounts (the "Cure Amounts"), are set forth on **Exhibit A** annexed hereto. The Contracts and Leases that the Debtors may seek to reject are set forth on **Exhibit B** annexed hereto.

PLEASE TAKE FURTHER NOTICE that the Debtor believes that any and all defaults (other than the filing of this chapter 11 case) and actual pecuniary losses under the Assumed Contracts and Leases can be cured by the payment of the Cure Amounts.

PLEASE TAKE FURTHER NOTICE that the assumption of any executory contract or unexpired lease shall result in the full release and satisfaction of any claims or defaults, whether monetary or non-monetary.

PLEASE TAKE FURTHER NOTICE that any objections to the proposed rejection of the Rejected Contracts and Leases or the proposed assumption and assignment of the Assumed Contracts and Leases (including, but not limited to, objections relating to the Cure Amount and/or adequate assurances of future performance, if applicable) must (a) be in writing; (b) state with specificity the nature of such objection and the alleged Cure Amount (with appropriate documentation in support thereof), if applicable; (c) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court; and (d) be filed with the Court and served upon (so as to be received by) the following parties **no later than 4:00 p.m. on July 24, 2009 (prevailing Eastern time)** (the "Objection Deadline"): (i) Berean Christian Stores, LLC, 9415 Meridian Way, West Chester, OH 45069 (Attn: William Simmons); (ii) Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, Ohio 45202 (Attn: Kasey T. Ingram, Esq. (kasey.ingram@dinslaw.com), Kim Martin Lewis, Esq. (kim.lewis@dinslaw.com), and Patrick D. Burns, Esq. (patrick.burns@dinslaw.com)), counsel to the Debtor; (iii) Frost Brown Todd LLC, 201 E. Fifth St., Suite 2200, Cincinnati, Ohio 45202 (Attn: Ronald E. Gold, Esq. (rgold@fbtlaw.com) counsel to the DIP Term Lender and Proposed Buyer; (iv) Financial Resource Associates, Inc., 10901 Reed Hartman Hwy., Ste. 320, Cincinnati, OH 45242 (Attn: Leonard Z. Eppel (fralze@juno.com)); (v) the Office of the United States Trustee, Southern District of Ohio, 36 East Seventh St., Suite 2030, Cincinnati, OH 45202 (Attn: Monica Villarejos Kindt, Esq. (monica.kindt@usdoj.gov)); (vi) Taft, Stettinius & Hollister LLP, 425 Walnut St., Suite 1800, Cincinnati, Ohio 45202 (Attn: Timothy Miller (miller@taftlaw.com) and Beth Silvers (silvers@taftlaw.com)) counsel to the Official Committee of Unsecured Creditors; (vii) holders of the 25 largest unsecured claims; and (viii) any governmental unit listed in LBR 5003-1(d) (collectively, the "Initial Master Service List"). Unless the Objection is timely filed and served, the rejection or assumption and assignment of the applicable contracts and leases will proceed without further notice.

PLEASE TAKE FURTHER NOTICE that if no Cure Amount is due under the Assumed Contract, and the non-Debtor party to such agreement does not otherwise object to the Debtor's assumption and assignment of such agreement, no further action need to be taken on the part of that non-Debtor party.

PLEASE TAKE FURTHER NOTICE that any person or entity receiving this notice that fails to file an Objection on a timely basis (a) shall be forever enjoined and barred from seeking any additional amount on account of the Debtor's cure obligations under section 365 of the Bankruptcy

Code or otherwise from the Debtor, its estate, or the Buyer on account of the rejection or assumption and assignment of such executory contract or unexpired lease and deemed to have consented to the proposed rejection or assumption and assignment; and (b) upon approval by the Bankruptcy Court of the rejection or assumption and assignment to the Buyer of the Assumed or Rejected Contracts, shall be deemed to have waived any right to object, consent, condition or otherwise restrict any such assumption and assignment.

PLEASE TAKE FURTHER NOTICE that a hearing on Objections may be held (a) at the Sale Hearing, or (b) at such other date prior to or after the Sale Hearing as the Bankruptcy Court may designate upon request by the Debtor.

PLEASE TAKE FURTHER NOTICE that the Debtor's decision to reject or assume and assign the Assumed or Rejected Contracts is subject to Bankruptcy Court approval and consummation of the Sale. Absent consummation of the Sale, each Assumed or Rejected Contract shall not be deemed rejected, assumed or assigned and shall in all respects be subject to further administration under the Bankruptcy Code. The designation of any agreement as an Assumed or Rejected Contract shall not constitute or be deemed to be a determination or admission by the Debtor or the Buyer that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

PLEASE TAKE FURTHER NOTICE that Objections regarding the Cure Amount or the ability of the Debtor or Buyer to provide adequate assurance of future performance shall be conditioned upon resolution of such dispute (the "Dispute Resolution") by the Bankruptcy Court. The Debtor or Buyer reserves the right to either reject or nullify the assumption of an Assumed Contract that is subject to Dispute Resolution. Any payments required to be made based on such Objections shall be made as soon as reasonably practicable following the entry of a Final Order resolving such dispute.

PLEASE TAKE FURTHER NOTICE that Debtor reserves the right to remove any Assumed Contract from any proposed Asset Sale and to withdraw the request to assume and assign any such Assumed Contract.

Dated: _____, 2009  
      Cincinnati, Ohio

Respectfully submitted,

DINSMORE AND SHOHL, LLP  
*/s/* _____  
Kasey T. Ingram (OH# 0075234)  
Kim Martin Lewis (OH#  0043533)  
Patrick D. Burns (OH# 0081111)  
1900 Chemed Center  
255 East Fifth Street  
Cincinnati, Ohio 45202  
Telephone:  513-977-8200  
Facsimile:  513-977-8141  
kasey.ingram@dinslaw.com  
kim.lewis@dinslaw.com  
patrick.burns@dinslaw.com  
Proposed Counsel for the Debtor and  
    Debtor-in-Possession